UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY - NEWARK VICINAGE

| | |
|---|---|
| *Plaintiff(s)*<br>CRYSTAL CHMIELEWSKI,<br><br>vs.<br><br>*Defendant(S)*<br>DEMETRICK A. WILLIAMS, PASSAIC VALLEY BOARD OF EDUCATION, DR. VICTOR JOGANOW, PASSAIC VALLEY BOARD OF EDUCATION | CIVIL ACTION<br><br>NO. |

## COMPLAINT

**COMES NOW,** Plaintiff, Crystal Chmielewski, and file this her Complaint and show this Court the following:

### NATURE OF ACTION

1. This is an action to recover damages for sexual molestation of a minor child, in deprivation of rights secured under the Constitution and laws of the United States, pursuant to 42 U.S.C. S 1983 and Title IX of the Education Amendments OF 1972, 20 U.S.C. S 1681-1688, and for claims of assault, battery, intentional infliction of emotional distress and negligence arising under the laws of the State of New Jersey.

### JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1331 ,

## THE PARTIES

3.     Plaintiff resides at 262 Evans Place, Township of Saddle Brook, County of Bergen, State of New Jersey.

4.     Plaintiff's date of birth is May 19, 1992.

5.     At all times material to this cause of action, plaintiff was a student at the Passaic Valley High School, operated under the authority of defendant, Passaic Valley Board of Education and under the supervision of defendant, Superintendent Dr. Victor Joganow.

6.     At all times relevant to this cause of action, defendant, Demetrick A. Williams was a teacher at Passaic Valley High School. At al times material, defendant Williams remained under the employ, agency, control, and direct supervision of defendant Passaic Valley Board of Education and defendant, Joganow.

## CAUSES OF ACTION

### COUNT I

7.     Plaintiff incorporates Paragraphs 1 through 6 of this Complaint as if fully set forth herein.

8.     Upon information and belief, defendant Williams engaged in a pervasive pattern of behavior with regard to young students, including plaintiff, in the Passaic Valley High School involving planned, repeated, pervasive, seductive, sexually charged attention and sexual molestation to such students, including plaintiff, in the classroom and in other programs and activities of Passaic Valley High School.

9.     Upon information and belief, defendant Williams' extraordinary and aberrant attention to plaintiff and other students was observed and reputed among, teachers, staff,

students, and administrators of Passaic Valley High School. Defendants Passaic Valley Board of Education and Joganow were aware of or should have been aware of defendant Williams' conduct.

10. Upon information and belief, at all material times, the defendant Passaic Valley Board of Education failed to adopt, adequately implement, enforce, post and/or communicate an adequate policy of non-discrimination as required under Title IX of the Federal Education Amendments of 1972, as amended 20 U.S.C. S1681-1688.

11. Upon information and belief, at all material times, defendant Passaic Valley Board of Education, failed to adequately advise students and parents of students at Passaic Valley High School of any policy of non-discrimination adopted as required by Title IX or of their rights with regard to discrimination, sexual harassment, or sexual abuse experienced or observed in defendant's educational programs and activities.

12. Upon information and belief, at all material times, defendant Passaic Valley Board of Education failed to adequately advise faculty, staff, employees or agents of Passaic Valley High School of any policy of non-discrimination adopted as required under Title IX, or of their responsibilities with regard to reports of discrimination, sexual harassment, or sexual abuse filed by or on behalf of children enrolled in defendant's education programs and activities.

13. During the school year of 2007-2008, the plaintiff was a student in the class of defendant, Williams, at Passaic Valley High School, under the supervision of defendants Passaic Valley Board of Education and defendant Dr. Victor Joganow.

14. During the school year of 2007-2008, defendant, Williams, began a course of inappropriate affection, touching and physical battery, assault and sexual molestation of the

plaintiff which included forcing plaintiff to take sexually explicit photographs of herself.

15. The plaintiff, Crystal Chmielewski, was embarrassed, humiliated, frightened and upset by such conduct, but was too humiliated and intimidated by her teacher's conduct and abuse of authority to complain at each instance in the classroom.

16. On or about February 27, 2008, the plaintiff's mother became aware that her daughter, plaintiff, Crystal Chmielewski, had been sexually molested by defendant Williams, while under the supervision of defendants Passaic Valley Board of Education and Joganow.

17. This was reported to the defendant school district and the Little Falls Police Department. Defendant Williams was arrested on February 28, 2008 and subsequently plead guilty to New Jersey Statute 2C:24-4B(3) Endangering the Welfare of a Child, in connection with the sexual molestation of the plaintiff, Crystal Chmielewski.

18. As a consequence of incidents of molestation by the defendant school district's employee, defendant Williams, plaintiff, Crystal Chmielewski, has suffered extreme emotional distress and mental anguish.

19. In these circumstances, the conduct of Defendants, Williams, The Passaic Valley Board of Education and Joganow was willful, wanton, heedless, grossly negligent, negligent, in violation of cultivated trust and authority, in reckless disregard for the safety of infants, and the result of conscious indifference to the rights, welfare, and safety of the infant plaintiff.

## COUNT II

20. Plaintiff incorporates Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. At all times material, the defendant Passaic Valley Board of Education was and is

a public school district operating under the authority, mandates, and laws of the State of New Jersey.

22. At all times material, plaintiff, was a minor child in the lawful care and custody of the defendant school district, its officers, agents, employees during school hours and during after school activities.

23. While plaintiff was in the care and custody of the defendant district, the defendants permitted, condoned, and/or failed to prevent or stop its employee, defendant Williams, from sexually abusing said plaintiff, in violation of the plaintiff's due process right of personal safety, security and privacy as guaranteed by the fourteenth amendment of the United States Constitution, her equal protection rights to a non-discriminatory education program under Title IX of the Education Amendments of 1972, as amended 20 U.S.C. S1681-1688.

24. Specifically, the defendant district, through its officers, agents, and employees, acting under color of state law, failed to provide and implement an adequate policy and training in the prevention of sexual abuse.

25. The defendant district's aforesaid actions and inactions amounted to a policy of deliberate indifference to the plaintiff's constitutional and statutory rights.

26. As a proximate result of the defendant district's wanton violation and deliberate indifference to the plaintiff's rights, said plaintiff was injured by the conduct of defendant, Williams, and continues to suffer emotional distress, humiliation, mental anguish, pain, suffering, anxiety, loss of dignity and physical manifestations.

## COUNT III

27. Plaintiff incorporates Paragraphs 1 through 26 of this Complaint as if fully set

forth herein.

28. At all times material, the defendant, Passaic Valley Board of Education, was and is a public school district operating under the authority, mandates, and laws of the State of New Jersey.

29. At all times material, plaintiff, was a minor child in the lawful care and custody of the defendant school district, its officers, agents, employees during school hours and during after school activities.

30. While plaintiff was in the care and custody of the defendant district, the defendants permitted, condoned, and/or failed to prevent or stop its employee, defendant Williams, from sexually abusing said plaintiff, in violation of the plaintiff's due process right of personal safety, security and privacy as guaranteed by the fourteenth amendment of the United States Constitution, her equal protection rights to a non-discriminatory education program under Title IX of the Education Amendments of 1972, as amended 20 U.S.C. S1681-1688.

31. Specifically, the defendant district, through its officers, agents, and employees, acting under color of state law, failed to provide and implement an adequate policy and training in the prevention of sexual abuse.

32. The defendant district's aforesaid actions and inactions amounted to a policy of deliberate indifference to the plaintiff's constitutional and statutory rights and is violation of plaintiff's civil rights pursuant to 42. U.S.C. S 1983.

33. As a proximate result of the defendant district's wanton violation and deliberate indifference to the plaintiff's rights, said plaintiff was injured by the conduct of defendant Williams and continues to suffer emotional distress, humiliation, mental anguish, pain, suffering,

6

anxiety, loss of dignity and physical manifestations.

## COUNT IV

34. Plaintiffs repeat the allegations of the Preceding Counts and incorporates same herein by reference and further says:

35. On a number of occasions, as stated in more detail in prior Counts of this complaint, while under the supervision and control of defendants Passaic Valley Board of Education and defendant Joganow, defendant, Williams, offensively touched plaintiff, thereby inflicting battery on this plaintiff.

36. As a consequence of this battery, plaintiff suffered injury including but not limited to physical and mental pain suffering, humiliation, fright and mental anguish.

## COUNT V

37. Plaintiff incorporates Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. On a number of occasions, as stated in more detail in prior counts of this complaint, while under the supervision and control of defendants Passaic Valley Board of Education and defendant Joganow, defendant Williams, offensively touched and sexually molested plaintiff, thereby inflicting battery on this plaintiff and intentionally causing severe emotional distress.

## COUNT VI

39. Plaintiff incorporates Paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. At all times material, defendant Demetrick Williams was employed as a school

teacher at the Passaic Valley High School, by defendant Passaic Valley Board of Education.

41. At all times material, defendant Williams was under the direct supervision and control of defendants Passaic Valley Board of Education and defendant Victor Joganow. During this time, defendant Williams sexually exploited and molested plaintiff, Crystal Chmielewski.

42. As a teacher in the school district, defendant Williams worked under the delegated authority of defendant Passaic Valley Board of Education.

43. Defendant Williams gained access to the plaintiff as a result of his employment as a teacher at the Passaic Valley High School.

44. Defendant Williams used the authority and power of his position, granted to him by his co-defendants, to place the plaintiff in a vulnerable position, betray her trust, and sexually molest her.

45. Defendant Williams sexual molestation of the plaintiff took place during the course of her academic and after school programs, while on the premises of and under the supervision of defendant, Passaic Valley Board of Education.

46. As a proximate result of the defendants' wanton violation and deliberate indifference to the plaintiff's rights, said plaintiff was injured by the conduct of defendant Williams and continues to suffer emotional distress, humiliation, mental anguish, pain, suffering, anxiety, loss of dignity and physical manifestations.

## COUNT VII

47. Plaintiff incorporates Paragraphs 1 through 46 of this Complaint as if fully set forth herein.:

48. At all times material, defendant Demetrick Williams was employed as a school

teacher at the Passaic Valley High School, by defendant Passaic Valley Board of Education.

49.   At all times material, defendant Williams was under the direct supervision and control of defendants Passaic Valley Board of Education and defendant Victor Joganow. During this time, defendant Williams sexually exploited and molested plaintiff, Crystal Chmielewski.

50.   Defendant, Passaic Valley Board of Education was negligent in that it failed to act reasonably to undertake its various duties with regard to plaintiff, they were negligent in the following ways:

(a) Negligent hiring and retention of defendant Williams. Defendant should have properly screened defendant Williams for employment. During that employment, defendant should have detected the evidence of defendant Williams deviant behavior.

(b) Negligent supervision. Defendant, Passaic Valley Board of Education owed the plaintiff a duty to supervise their employees and make sure that none of those employees sexually molest his or her students as defendant Williams unfortunately did.

© Negligence in failure to implement policies. The defendant school district was negligent in that it failed to adopt or implement adequate policies and procedures for the prevention, detection, or elimination of sexual abuse involving its students.

(d) Negligence in performance of *in loco parentis* duties. Defendant the Passaic Valley Board of Education had custody of the plaintiff and served *in loco parentis* for the plaintiff during this time. By permitting defendant Williams to sexually molest the plaintiff during these times, defendant Passaic Valley Board of Education breached this duty.

51.   As a proximate result of the defendants' wanton violation and deliberate indifference to the plaintiff's rights, said plaintiff was injured by the conduct of defendant

9

Williams and continues to suffer emotional distress, humiliation, mental anguish, pain, suffering, anxiety, loss of dignity and physical manifestations.

## COUNT VIII

52.	Plaintiff incorporates Paragraphs 1 through 52 of this Complaint as if fully set forth herein.

53.	At all times material, defendant Demetrick Williams was employed as a school teacher at the Passaic Valley High School, by defendant Passaic Valley Board of Education.

54.	At all times material, defendant Williams was under the direct supervision and control of defendants Passaic Valley Board of Education and defendant Victor Joganow.  During this time, defendant Williams sexually exploited and molested plaintiff, Crystal Chmielewski.

55.	The actions of defendants Demetrick Williams, The Passaic Valley Board of Education, and Dr. Victor Joganow constitute wanton and gross negligence and disregard for the safety and well being of plaintiff.

56.	Such behavior makes it appropriate for plaintiff to receive punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE:**     Plaintiff prays that:

    a.    She have a trial by a jury on all issues raised in this Complaint;

    b.    She be awarded general and special damages in amounts to be determined at any trial of this action;

    c.    She be awarded punitive damages to be determined by the enlightened conscience of the jury at any trial of this action.

    d.    She be afforded such other relief as this Court deems equitable and proper.

Dated:   May 17, 2012

/s/ Alan T. Friedman, Esq.
Bagolie-Friedman, LLC
648 Newark Avenue
Jersey City, NJ 07306
201-656-8500