**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRYSTAL CHMIELEWSKI, <br><br> Plaintiff, <br><br> v. <br><br> DEMETRICK WILLIAMS, *et al.*, <br><br> Defendants. | Civil Action No.: 12-2993 <br><br> **MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court on the motion of Defendant Passaic Valley Board of Education ("Defendant Passaic Valley") for summary judgment. (ECF No. 44.) It appearing that:

1. This action arises out of an alleged inappropriate relationship between Plaintiff Crystal Chmielewski ("Plaintiff") and Co-Defendant Demetrick Williams ("Williams"). Plaintiff filed this action against Defendant Passaic Valley, Williams, and others on May 18, 2012 asserting various causes of action. (ECF No. 1.) On October 14, 2014, this Court entered an order dismissing all non-constitutional claims on consent of the parties. (ECF No. 38.)[1] The remaining claims are the (1) Title IX claim seeking to hold the school district liable for the sexual harassment by Williams, and (2) § 1983 claim seeking to hold the school district liable for failing to properly train its employees.

---

[1] While the Order technically does not dismiss Counts IV and V, the parties appear to have withdrawn those as well.

2. On February 27, 2015, Defendant Passaic Valley filed the instant Motion for Summary Judgment. (ECF No. 44.) Plaintiff filed her Response in Opposition on April 7, 2015. (ECF No. 47.) Defendant Passaic Valley filed its Reply Brief to Plaintiff's Opposition on April 16, 2015. (ECF No. 48.)

3. Defendant Passaic Valley did not furnish a Local Rule 56.1 Statement of Material Facts ("Rule 56.1 Statement"). Accordingly, Plaintiff did not furnish a Local Rule 56.1 Responsive Statement of Material Facts.

4. Local Rule 56.1 provides "[o]n motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue." L. Civ. R. 56.1(a). Further, "[t]he opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts." L. Civ. R. 56.1(a). Finally, the Rule provides that "[a] motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed." L. Civ. R. 56.1(a).

5. The purpose of the Rule 56.1 statement is to "narrow the issues before the District Court, to assist in identifying whether material facts are, or are not, in dispute in a summary judgment motion." See L. Civ. R. 56.1(a) cmt. 2a. The Rule requires "the parties to narrow the key issues so the Court can adjudicate the motion without embarking on a judicial scavenger hunt for relevant facts." See Schecter v. Schecter, 2008 U.S. Dist. LEXIS 97518, at *20 (D.N.J. Nov. 26, 2008).

6. The Rule 56.1 Statement is critical to the District Court's ability to decide Summary Judgment Motions. See L. Civ. R. 56.1(a) cmt. 2a ("The Rule 56.1 statement is viewed by the Court as a vital procedural step, since it constitutes and is relied upon as a critical

admission of the parties."). This is because the relevant facts are taken from the parties' Rule 56.1 Statements. See Bayer AG v. Schein Pharm., 129 F. Supp. 2d 705, 708 n.2 (D.N.J. 2001).

7. Here, the parties have not properly submitted Rule 56.1 Statements. Therefore, the parties' submissions do not narrow the key issues enough to permit this Court to properly adjudicate this motion. Accordingly,

**IT IS** on this 29th day of September, 2015,

**ORDERED THAT:**

1. Defendant Passaic Valley's Motion for Summary Judgment is dismissed without prejudice.
2. Defendant may refile its Motion for Summary Judgment within 30 days of the date of this Order with the proper Rule 56.1 Statement.
3. In her Response, Plaintiff shall include the appropriate Rule 56.1 Responsive Statement.

**SO ORDERED.**

_____
CLAIRE C. CECCHI, U.S.D.J.